**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARRO CORPORATION, f/k/a ARRO PACKAGING COMPANY | ) ) | Case No. 19-35238 |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) ) | |

**ORDER: (I) AUTHORIZING (A) MAINTENANCE OF EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (C) CONTINUED USE OF EXISTING BUSINESS FORMS, AND (D) CONTINUED USE OF EXISTING BOOKS AND RECORDS; (II) WAIVING INVESTMENT AND DEPOSIT REQUIREMENTS OF 11 U.S.C. § 345(b); AND (III) SHORTENING NOTICE**

THIS CAUSE coming to be heard on the motion (the "**Motion**") of Arro Corporation, f/k/a Arro Packaging Company, debtor and debtor in possession (the "**Debtor**"), pursuant to 11 U.S.C. §§ 105, 345, and 363, for an order: (I) authorizing: (a) maintenance of existing bank accounts, (b) continued use of existing cash management system, (c) continued use of existing business forms, and (d) continued use of existing books and records; and (II) waiving the investment and deposit requirements of 11 U.S.C. § 345(b); the Court having reviewed the Motion and any supporting declarations, and having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be given; it appearing that there is good cause to grant the relief requested; and the Court having jurisdiction over the parties and the subject matter of the Motion;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Motion is granted to the extent provided herein.

2. Pursuant to section 363 of the United States Bankruptcy Code (the "**Code**"), the Debtor is authorized to designate, maintain, and continue to use, with the same numbers, all of the bank accounts listed on Exhibit A hereto (the "**Bank Accounts**"), subject to the terms of and any restrictions set forth in this Order and any prepetition agreements governing the Bank Accounts (the "**Cash Management Agreements**").

3. Pursuant to section 363 of the Code, the Debtor is authorized to (a) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor in possession, and (b) continue use of its existing Cash Management System (as defined in the Motion) in accordance with the Cash Management Agreements.

1

4. BMO Harris Bank N.A. (the "**Bank**"), the financial institution at which the Bank Accounts are maintained, is authorized to continue to service and administer the Bank Accounts as accounts of the Debtor, as debtor in possession, without interruption and in the usual and ordinary course, and to receive, process, and honor and pay, any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts on or after the Petition Date (as defined in the Motion) by the holders or makers thereof, as the case may be; provided, however, the Debtor shall take all reasonable steps to stop payment on any checks, drafts, wires, or ACH transfers drawn or issued by the Debtor before, but did not clear the Bank Accounts prior to, the Petition Date, except to the extent such payments are approved by the Court.

5. The Bank is authorized to accept and to honor all representations from the Debtor as to which checks, drafts, wires or ACH transfers should be honored or dishonored, consistent with any order(s) of this Court, whether the checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is or is not authorized by any order(s) of the Court.

6. The Bank is authorized to "charge back," offset, and/or debit the Bank Accounts in the ordinary course of business without need for further order of this Court for: (a) all checks drawn on the Debtor's accounts which were cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtor's accounts with the Bank prior to the Petition Date which have been dishonored or returned unpaid, including dishonored checks, wire transfers, drafts, ACH payments (credits or debits) or other electronic funds transfers or debits, for any reason, together with any fees and costs in connection therewith; and (c) all prepetition amounts outstanding as of the date hereof, if any, owed to the Bank for the maintenance of the accounts at the Bank.

7. The Bank is authorized to return all prepetition checks drawn on the Bank Accounts and the Debtor is authorized to reissue such checks on a post-petition basis, subject to (a) the requirements imposed on the Debtor under the terms of any order authorizing the Debtor to obtain debtor-in-possession financing and use cash collateral, and any other orders of the Court and (b) the entry of any order(s) of the Court authorizing such payment. Notwithstanding the foregoing, the Bank is authorized to accept and honor all prepetition checks drawn on the Bank Accounts to the extent such payments are approved by the Court.

8. The Debtor is hereby authorized and directed to pay, and the Bank is hereby authorized to debit the Bank Accounts in the ordinary course of business without need for further order of this Court for: (a) all prepetition and post-petition cash management fees and expenses (including any costs incurred by the Bank to obtain bonds or insurance required by this Order or to otherwise comply with any requirements of the U.S. Trustee); (b) all ordinary course adjustments to the accounts maintained with the Bank (including, without limitation, with respect to returned checks, "charge backs" and similar items, and any fees and costs in connection therewith); and (c) all reasonable attorneys' fees related thereto (including attorneys' fees incurred subsequent to the Petition Date).

9. The Bank shall not be liable to any party on account of: (a) following the Debtor's representations, instructions, or presentations as to any order of the Court (without any duty of

2

further inquiry); (b) the honoring of any prepetition checks, drafts, wires, ACH payments, or EFT payments in a good faith belief or upon a representation by the Debtor that the Court has authorized such prepetition check, draft, wire, ACH payments, or EFT payments; or (c) an innocent mistake made despite implementation of reasonable handling procedures.

10. The Debtor is authorized to continue to use its existing checks and other business forms, without any requirement that said checks or forms include the legend "Debtor in Possession" or a "debtor in possession number," provided the Debtor shall: (a) create a gap in the sequence of the post-petition checks they use (as set forth on Exhibit A hereto) in order to enable all parties to clearly delineate post-petition payments; or (b) otherwise utilize its existing Cash Management System to implement a monitoring system which has the same effect.

11. Nothing contained herein shall prevent the Debtor from opening any new bank accounts or closing any existing accounts as the Debtor may deem necessary and appropriate, and any new account, for all purposes under this Order, shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and identified on Exhibit A hereto), and, as with the existing Bank Accounts, the Bank (or if applicable, a new bank) shall be subject to the rights and obligations of this Order with respect thereto; provided, however, that any new account shall be with a bank that is insured by the FDIC and organized under the laws of the United States or any state therein.

12. The Debtor and the Bank are hereby authorized and directed to continue to perform pursuant to the terms of the Cash Management Agreements, including, but not limited to, the Bank's right to modify or terminate the Cash Management Agreements, except and to the extent otherwise directed by the terms of this Order. The parties shall continue to enjoy the rights and remedies afforded them under the Cash Management Agreements, except to the extent modified by the terms of this Order, any other order entered in the Chapter 11 Case, or by operation of the Code.

13. Cause exists for waiving the investment and deposit requirements set forth in 11 U.S.C. § 345(b) and the Debtor's obligation to comply with that section is hereby waived.

14. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtor under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtor and any budget in connection therewith.

15. To the extent any provisions of this Order conflict with any provisions of the Cash Management Agreements, the provisions of this Order shall control.

16. Notice of the Motion on a shortened and expedited basis is allowed and approved.

3

1056406v4

17. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

ENTER:

United States Bankruptcy Judge

Dated:

**Prepared by:**

Adam P. Silverman, ESQ. (ARDC #6256676)
Henry B. Merens, ESQ. (ARDC #6181695)
Erich S. Buck, ESQ. (ARDC #6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel. (312) 435-1050
Fax (312) 435-1059
Proposed Counsel for the Debtor

# EXHIBIT A

| Financial Institution | Last Four Digits of Account Number | Account Name | Account Type | Last Pre-Petition Check Number | First Post-Petition Check Number |
|---|---|---|---|---|---|
| BMO Harris Bank, N.A. | *158-0 | Arro Corporation | Checking - Collections | N/A | N/A |
| BMO Harris Bank, N.A. | *159-8 | Arro Corporation | Checking - Disbursements | 94090 | 94200 |