# EXHIBIT A

to

Motion of Arro Corporation to Employ Adelman & Gettleman, Ltd. as Legal Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARRO CORPORATION, f/k/a ARRO PACKAGING COMPANY | ) ) ) | Case No. 19-35238 |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) ) ) | |

**<u>AFFIDAVIT OF DISINTERESTEDNESS OF ADAM P. SILVERMAN</u>**

I, Adam P. Silverman, under penalties as provided by law pursuant to 28 U.S.C. § 1746, hereby certify that the following is true and correct to the best of my knowledge, information and belief:

1. I am an attorney duly qualified and admitted to practice in the State of Illinois and in this Honorable Court.

2. I am a shareholder of the law firm of Adelman & Gettleman, Ltd. ("**A&G**"), 53 West Jackson Boulevard, Suite 1050, Chicago, Illinois 60604.

3. To the best of my knowledge, neither I nor any members of A&G have any connection with Arro Corporation, f/k/a Arro Packaging Company (the "**Debtor**"), <u>except</u> <u>that</u> A&G was originally retained by the Debtor on or about June 25, 2019, pursuant to its original retention agreement, for the purpose of, *inter alia*, performing due diligence of the Debtor's financial condition and advising the Debtor regarding alternatives to resolve its financial difficulties; negotiating resolutions or forbearance arrangements with the Debtor's secured and unsecured creditors; assisting in negotiating and documenting any refinancing efforts of the Debtor; defending post-judgment collection proceedings; and implementing approved solutions to the Debtor's financial problems. A&G's original retention agreement was subsequently replaced

1

by that certain retention agreement dated December 4, 2019, a copy of which was attached to the *Disclosure of Compensation of Attorney for Debtor* filed by A&G herein on December 27, 2019 [Docket No. 40] (**"Disclosure of Compensation"**).  A&G received total prepayments from the Debtor prior to the commencement of this Chapter 11 case as fully set forth in the Disclosure of Compensation.  As of the commencement of this Chapter 11 Case, no amounts were owed by the Debtor to A&G on account of A&G's representation of the Debtor, and thus A&G was not a creditor of the Debtor as of the commencement of the above-captioned case.

4. To the best of my knowledge, neither I nor any members of A&G have any connection with creditors of the Debtor ("**Creditors of the Debtor**"), except that:

a. attorneys employed by A&G have practiced insolvency law for many years, and in the ordinary course of such legal practice, have represented clients who are adverse to BMO Harris Bank N.A. ("**BMO**") and the United States Small Business Administration ("**SBA**"), the Debtor's two primary secured lenders. A&G does not represent, and has not represented, BMO or the SBA in A&G's ordinary course practice of law.

b. over ten years ago, A&G represented an entity which is an affiliate of a Creditor of the Debtor in a matter wholly unrelated to the Debtor. This particular Creditor of the Debtor has initiated litigation against the Debtor, but A&G has not represented this particular Creditor of the Debtor in connection with any matters related to the Debtor, nor has A&G represented the Debtor in connection with any matters related to this particular Creditor of the Debtor. Further, A&G has not represented this particular Creditor of the Debtor since 2009.[1]

c. in 2018, A&G assisted a Creditor of the Debtor with its refinancing efforts. This particular Creditor of the Debtor holds a relatively small claim against the Debtor. A&G has not represented this particular Creditor of the Debtor in connection with any matters related to the Debtor, nor has A&G represented the Debtor in connection with any matters related to this particular Creditor of the Debtor. Also, prior to the refinance, this particular Creditor of the Debtor was indebted to BMO. A&G's representation of this particular Creditor of the Debtor

---

[1] The name of this creditor is not disclosed in this Affidavit as a matter of legal ethics and professional courtesy. To the extent relevant and necessary, A&G will disclose the name of this creditor to the United States Trustee or the Bankruptcy Court.

2

1059176_1

was substantially completed upon conclusion of the refinance in 2018, with some post-closing matters tended to in 2019.[2]

d.  Dykema Gosset PLLC ("**Dykema**") is a Creditor of the Debtor. Attorneys employed by A&G have practiced insolvency law for many years, and in the ordinary course of A&G's legal practice, have handled matters in which Dykema and its attorneys and employees have been involved. Furthermore, Dykema is the referring counsel to A&G in connection with A&G's representation of the Debtor, and prior to the commencement of the instant Chapter 11 case, A&G worked with Dykema with the goal of assisting the Debtor in resolving its financial difficulties. Neither Dykema nor A&G have agreed to share compensation, issue or receive a referral fee, or provide other compensation to one another of any kind or nature. A&G does not represent, and has not represented, Dykema in A&G's ordinary course practice of law.

e.  from time to time, in the ordinary course of A&G's practice of law, A&G may have represented prior clients ("**Prior Clients**") for whom Creditors of the Debtor were also creditors of Prior Clients. A&G has not represented any Prior Clients, or creditors of Prior Clients, in matters relating to the Debtor.

5.  To the best of my knowledge, neither I nor any members of A&G have any connection with other parties in interest ("**Parties in Interest**") in the above-captioned Chapter 11 Case, except that:

a.  in connection with the Debtor's efforts to sell its business as a going concern, A&G assisted the Debtor in the negotiation of a *Letter of Intent* under which an independent third party (the "**Potential Purchaser**") sought the right to purchase the Debtor's business subject to a then-yet-to-be-drafted Asset Purchase Agreement ("**APA**"). While the APA was not negotiated to final form or executed, A&G's understanding is that the Potential Purchaser may still be interested in acquiring the Debtor's business through a court approved sale process. A&G does not represent, and has not represented, the Potential Purchaser in A&G's ordinary course practice of law.

b.  attorneys employed by A&G have practiced insolvency law for many years, and in the ordinary course of such legal practice, have handled matters in which Morris Anderson & Associates, Ltd., Mr. Dan Dooley, Mr. Rob Novak, and/or other employees or principals of Morris Anderson & Associates, Ltd. (collectively, "**Morris Anderson**") have been involved. A&G does not represent, and has not represented, Morris Anderson in its ordinary course practice of law.

---

[2] The name of this creditor is not disclosed in this Affidavit as a matter of legal ethics and professional courtesy. To the extent relevant and necessary, A&G will disclose the name of this creditor to the United States Trustee or the Bankruptcy Court.

3

1059176_1

  c. attorneys employed by A&G have practiced insolvency law for many years, and in the ordinary course of such legal practice, have handled matters in which Andrews Advisory Group, LLC. Mr. Paul Andrews, Mr. Vladimir Kasparov, and/or other employee or principals of Andrews Advisory Group, LLC (collectively, "**Andrews Advisory**") have been involved. A&G does not represent, and has not represented, Andrews Advisory in A&G's ordinary course practice of law.

  d. attorneys employed by A&G have practiced insolvency law for many years, and in the ordinary course of such legal practice, have handled matters in which Conway MacKenzie (the potential advisor to the Official Committee of Unsecured Creditors, the "**Committee**") and its employees (collectively, "**Conway McKenzie**") have been involved. A&G does not represent, and has not represented, Conway McKenzie in A&G's ordinary course practice of law.

  6. To the best of my knowledge, neither I nor any members of A&G have any connection with any of the respective attorneys or accountants for the Debtor, Creditors of the Debtor, or Parties in Interest, except as set forth above, or as follows:

  a. from approximately January of 2006 to spring of 2015, A&G served as co-counsel with the law firm of Chapman & Cutler LLP (counsel of record to BMO) in connection with the bankruptcy case described as *In re Doctors Hospital of Hyde Park, LLC*, Case No. 00-11520 (Bankr. N.D. Ill.), and an adversary proceeding arising therein.

  b. attorneys employed by A&G have practiced insolvency law for many years, and in the ordinary course of such legal practice, have handled matters in which counsel of record for BMO, the SBA, or the Committee, or their respective firms, have been opposing counsel.

  c. attorneys employed by A&G have practiced insolvency law for many years, and in the ordinary course of such legal practice, have handled matters in which there may be overlap among A&G, on the one hand, and attorneys or accountants, for the Debtor, Creditors of the Debtor, or Parties in Interest on matters for which A&G has been retained, none of which Affiant believes would create a conflict.

  7. To the best of my knowledge, neither I nor any member of A&G has any connection with the United States Trustee or any person employed by the United States Trustee, <u>except that</u> attorneys employed by A&G have practiced law in the U.S. Bankruptcy Court for the Northern District of Illinois, and other districts, for many years, and in the ordinary course of such legal

4

1059176_1

practice, have been in contact with the United States Trustee or any person employed by the United States Trustee in the ordinary course of business in connection with A&G's practice of law.

8. To the best of my knowledge, none of the disclosures made as set forth above cause A&G to hold or represent any interest adverse to the Debtor or its estate.

9. To the best of my knowledge, neither I nor any members of A&G hold or represent any interest adverse to the Debtor or its estate.

10. To the best of my knowledge, neither I nor any member of A&G (a) is a creditor, equity security interest holder, or insider of the Debtor; (b) is not, and was not, within two years before the filing of this Chapter 11 case, a director, officer, or employee of the Debtor; and (c) has an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. Accordingly, to the best of my knowledge, A&G is a "disinterested person" as that term is defined in Section 101(14) of the U.S. Bankruptcy Code.

Affiant further sayeth not.

        /s/ Adam P. Silverman
        Adam P. Silverman, Esq.

ADAM P. SILVERMAN, ESQ. (ARDC# 6256676)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Proposed Counsel for Arro Corporation**

5

1059176_1